UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DAVID W. MORELAND,

  Petitioner,

v.

T. FELKER, Warden,

  Respondent.

No. CV 09-977-JFW (PLA)

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

On March 20, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on April 17, 2012, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In the R&R, the Magistrate Judge concludes that the Petition was untimely, and that petitioner's claim of actual innocence, based on the declaration by Kenta Stovall attesting to

petitioner's innocence, did not meet the standard set forth in Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).[1]

In his Objections, petitioner asserts that, because he was never afforded a state court evidentiary hearing, the state court's unfavorable credibility determination regarding Kenta Stovall's "confession" (see Lodgment No. 14) was an unreasonable determination of the facts not entitled to any deference. (Objections at 9-10). Although it is true that petitioner did not have an evidentiary hearing, "[w]here there is no likelihood that an evidentiary hearing would have affected the determination of the state court, its failure to hold one does not make such determination unreasonable." Perez v. Rosario, 459 F.3d 943, 950-51 (9th Cir. 2006) ("We are satisfied that state court fact determinations are reasonable without an evidentiary hearing, as here, where the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility."). Here, there is no indication that, had the state court held an evidentiary hearing, the outcome of petitioner's state habeas claim would have been any different. In any event, as explained in the R&R, even discounting the state court's credibility determination, the Court finds that petitioner has not met the Schlup standard. His confession as to his involvement in the carjacking -- which he claims to be a false confession -- is overall so similar to the version of the carjacking provided by the victim that the Kenta Stovall declaration does not overcome this evidence of guilt. In other words, the evidence of petitioner's confession, along with the victim's identification of petitioner and the fact that the van in question was found at petitioner's home, is sufficiently strong that petitioner's claim of actual innocence based on Stovall's declaration cannot prevail.

Petitioner also objects on the ground that he is entitled to a later start date of the statute of limitations based on his receipt of Stovall's affidavit in 2006, and cites Souliotes v. Evans, 622 F.3d 1173 (9th Cir. 2010) (vacated on other grounds by Souliotes v. Evans, 654 F.3d 902 (9th Cir.

---

[1] As explained in the R&R, in order to pass through the Schlup gateway and have otherwise time-barred claims considered on the merits, a petitioner must show that, in light of all the evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327.

2011)), in support.[2] Souliotes involved a petitioner who challenged his May 2000 conviction for arson and murder by asserting a habeas claim of actual innocence, relying on new scientific techniques that were not available at the time of trial to refute key evidence used by the prosecution to link the petitioner to a residential fire that killed three people. In its determination of whether the actual innocence claim was timely presented, the Ninth Circuit in Souliotes stated that "the application of § 2244(d)(1)(D) turn[ed] on when Souliotes could have reasonably discovered the evidence based on the new developments in testing methods, which . . . were not widely known prior to 2005 and not published until 2006." 622 F.3d at 1179. Here, in contrast, petitioner knew all along of the facts concerning Stovall, and even presented the theory of defense concerning Stovall at trial. Unlike the actual innocence claim in Souliotes, in this case petitioner's claim does not depend on the discovery of facts and evidence resulting from recently-developed scientific testing that was not available at the time of trial. Thus, under the circumstances here, because petitioner has been aware all along of his actual innocence theory concerning Stovall, the Court does not calculate the statute of limitations based on when petitioner finally obtained the declaration from Stovall, over five years after his trial concluded. See, e.g., Mora v. Almager, 2012 WL 845920, at *4 (C.D.Cal. Jan. 23, 2012) ("[U]nder § 2244(d)(1)(D), the limitation period begins to run from the date the factual predicate of the claim could have been discovered, not from the date evidence to support the claim is obtained."); Pedraza v. Paramo, 2012 WL 934122, at **3-4 (C.D.Cal. Jan. 23, 2012) (same); Wyatt v. McDonald, 2011 WL 6100611, at **5-6 (E.D.Cal. Dec. 7, 2011) ("Under § 2244(d)(1)(D) the statute of limitations for the filing of a federal habeas petition runs from the date a petitioner is put on notice of the facts which would support a claim for habeas relief, not from the date on which he has in his possession evidence to support such a claim."); King v. McEwen, 2011 WL 6965657, at *2 (N.D.Cal. Dec. 6, 2011) ("King does not qualify for the one year limitations period to start from when he received Wilson's declaration because he had known about the factual predicate of any claim based on his innocence -- i.e. the

---

[2] Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations starts on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

1 existence of the witness to his departure from the victim's home -- for over 18 years since the
2 1992 murder. King therefore does not qualify for the later starting date under 28 U.S.C. §
3 2244(d)(1)(D).").

4 Moreover, to the extent petitioner in his Objections makes a claim of equitable tolling based
5 on his alleged diligence in attempting to locate Kenta Stovall, his claim is unavailing. (Objections
6 at 6). Petitioner in his Opposition to the Motion to Dismiss states that, prior to receiving Stovall's
7 declaration, he "made several attempts, all unsuccessful, to locate Kenta Stovall," and that it was
8 not "until sometime in May 2006, [that] petitioner's son . . . was able to locate [him]." (Opposition
9 at 10). Petitioner's allegations fail to describe with any specificity his attempts to locate Kenta
10 Stovall, and fail to demonstrate that he was acting with the requisite diligence and that an
11 extraordinary circumstance prevented him from timely pursuing federal habeas relief. See Bills
12 v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (equitable tolling is available "only when
13 extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on
14 time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness")
15 (emphasis in original, citation and internal quotations omitted).

16 For the above reasons, the Court finds that petitioner's Objections do not warrant any
17 change in the recommendation that the Petition be denied.

18 /
19 /
20 /
21 /
22 /
23 /
24 /
25 /
26 /
27 /
28 /

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and petitioner's Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 4/20/12

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE